UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Annette Nawls and Adrian Nawls,

                        Plaintiffs,        **MEMORANDUM OPINION**
vs.                                          **AND ORDER**
                                                 Case No. 15-2769 ADM/HB
Shakopee Mdewakanton Sioux
Community Gaming Enterprise – Mystic
Lake Casino,

                        Defendant.
_____

On February 11, 2016, the undersigned United States District Judge heard oral argument on Defendant Shakopee Mdewakanton Sioux Community Gaming Enterprise's ("Gaming Enterprise") Motion to Dismiss for Lack of Jurisdiction [Docket No. 16]. Plaintiffs Annette and Adrian Nawls (the "Nawls") oppose the Motion. For the reasons stated herein, the Gaming Enterprise's Motion is granted.

The Nawls assert claims under Title VII against the Gaming Enterprise. "It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction." Nucor Corp v. Neb. Pub. Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989). Here, the Nawls have failed to satisfy this burden for two reasons. First, Title VII does not apply to Indian tribes, nor their gaming operations. Second, the Gaming Enterprise is immune from suit in federal court. Accordingly, the Complaint must be dismissed.

Indian tribes, such as the Shakopee Mdewakanton Sioux Community, are excluded from Title VII's definition of the term "employer." 42 U.S.C. § 2000e(b). In Ferguson v. SMSC Gaming Enterprise, the court addressed the very question presented here—whether a Title VII claim can be brought against the Gaming Enterprise. 475 F.

Supp. 2d 929, 931 (D. Minn. 2007). The court concluded that a Title VII claim could not be asserted against the Gaming Enterprise because "Title VII claims cannot be brought against Indian tribes or their agencies or businesses." Id. at 931. Indeed, the Eighth Circuit has recognized that the Gaming Enterprise's predecessor, Little Six Inc., is exempt from Title VII. Charland v. Little Six, Inc., 198 F.3d 249 (8th Cir. 1999). The Nawls' Title VII claims therefore cannot be asserted against the Gaming Enterprise and no federal question is presented to this Court. See id. at 932.

Additionally, the Gaming Enterprise is immune from suit under the doctrine of sovereign immunity. "[T]ribal sovereign immunity is a threshold jurisdictional question." Amerind Risk Mgmt. Corp. v. Malaterre, 633 F.3d 680, 684 (8th Cir. 2011). The Shakopee Mdewakanton Sioux Community is a federally recognized Indian tribe and possesses sovereign immunity from suit. Smith v. Babbitt, 100 F.3d 556 (8th Cir. 1996). The Gaming Enterprise is "a branch of the sovereign tribal government." Prescott v. Little Six, Inc., 387 F.3d 753, 757 (8th Cir. 2004). As such, because the Gaming Enterprise has not waived its right to immunity, it is immune from suit. See Charland, 198 F.3d 249; see also Ferguson, 475 F.Supp.2d at 931.

Finally, the Court notes that Mr. Nawls' Title VII claims fail for the additional reason that they were not filed within the statutory 90-day timeline. See 42 U.S.C. § 2000e-5(f)(1). Accordingly, Mr. Nawls' claims are time barred. Williams v. Thomson Corp., 383 F.3d 789, 790 (8th Cir. 2004).

For all these reasons, the Gaming Enterprise's Motion to Dismiss [Docket No. 16] is granted and the Nawls' Complaint [Docket No. 1] is dismissed. As expressed at the

hearing, the Court finds the facts surrounding this case troubling. While the Nawls cannot seek a remedy in this forum, the Court encourages the Nawls and the Gaming Enterprise to pursue any available remedies in the Tribal Court of the Shakopee Sioux Mdewakanton Community.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 12, 2016.